UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 14-MJ-70042 |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| RUBEN GUERRERO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on January 24, 2014, for a detention hearing. Defendant Guerrero was present and represented by Elizabeth Falk, Esq. Assistant United States Attorney W.S. Wilson Leung appeared for the Government.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government moved for detention, and Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.  Accordingly, based on the present record, the Court concludes that Defendant must be detained pending trial in this matter.

The present order supplements the Courts findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

This case involves a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e) because the defendant has been charged with possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), as well as possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  While the ultimate burden of persuasion rests upon the Government, Defendant did not make proffer of facts or information sufficient to rebut the presumption.

First, the Court finds that no condition or combination of conditions of release will reasonably assure the appearance of Defendant based upon the following facts.

(1) Defendant faces a maximum term of imprisonment of life and a mandatory minimum term of imprisonment of five years consecutive;

(2) Defendant's criminal history includes at least seven felony convictions, including crimes that are similar to the presently charged offenses, i.e., a February 2008 conviction for possession of a controlled substance while armed, a January 2012 conviction for carrying a concealed weapon, and a March 2013 conviction for possession of a controlled substance for sale;

(3) Defendant has had two bench warrants issued against him, one in January 1995 and another time in January 2004;

(4) Defendant has violated parole at least a dozen times between September 1997 and November 2011, indicating that not only was he not amenable to supervision, but he engaged in new violations of the law while on parole.

For these reasons, the Court deems Defendant Guerrero to present a risk of flight and non-compliance that cannot be mitigated adequately by any conditions of release.

The Court also finds that the above facts also support the conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as well.  Defendant's persistent criminal conduct, which includes violent and weapons related offenses, as well as his long history of violating parole establishes that Defendant cannot be trusted to comply with the law.  Moreover, the nature of the offenses charged indicates that Defendant continues to engage in dangerous conduct that carries the substantial risk of harm to others.  For these reasons, the Court deems Defendant Geruerro to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

The Court recognizes that Defendant's relative has offered to post the substantial equity in one of her homes as security for Defendant's release.  And further, that Defendant is not seeking outright release, but rather release to a residential drug treatment program.  However, Defendant's criminal history, and especially his long history of parole violations and crimes similar to the charges he currently faces, leads the Court to conclude that any security will not reasonably assure Defendant's compliance with any terms of his release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant Guerrero be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant Guerrero be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendants are confined

shall deliver Defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

Dated: January 27, 2014

*Jacqueline S. Corley*
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge